**Leon R. PHELPS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 38463.**

Court of Criminal Appeals of Texas.

Oct. 27, 1965.

Carter, Callender & Onion, by Leo Dougherty, San Antonio, for appellant.

James E. Barlow, Dist. Atty., Clarence V. Lyons and Rudolph Georges, Asst. Dist. Attys., San Antonio, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense in driving while intoxicated; the punishment, three days in jail and a fine of $50.00.

The witness Hadsell testified that while stopped at a red light an automobile driven by appellant collided with the rear of his station wagon and that appellant almost fell as he walked to the point of impact where he picked up a piece of the witness' tail light and tried to insert it in the front of his (the appellant's) automobile. The witness called the police and waited at the scene until the officer arrived and expressed the opinion that the appellant was intoxicated.

Officer Wayman testified that he detected the odor of alcohol on appellant's breath, that appellant staggered when he walked, and that his speech was confused and slurred. The officer expressed the opinion that appellant's manner of relating the facts of the accident did not make sense and that appellant was intoxicated which caused him to arrest appellant and place him in jail.

Appellant did not testify or call any witness in his own behalf.

815

At the conclusion of his redirect examination the witness Hadsell stated, not in answer to any question, "In fact, when the policeman came." Appellant's counsel objected stating that such remarks were not responsive. The court did not know what the witness intended to say and therefore could not rule on the objection. The witness then made the following statement: "You asked me what opinion I formed. That was the first thing that I told the policeman when he come, that he was drunk. I thought he was drunk." Without determining whether or not appellant was present at the time, the careful trial judge promptly sustained appellant's "we object to that" and instructed the jury not to consider what the witness may have told the policeman. We decline to agree that reversible error is reflected by the above.

Later, in the State's argument in answer to appellant's argument that the officer must not have concluded upon his arrival at the scene that appellant was intoxicated because he directed him to drive his automobile out of the intersection and to the curb, the prosecutor said, "Well, what if the officer had just taken the word of the witness, Mr. Hadsell, when Mr. Hadsell told him the man was drunk. What if he had just taken his word for it, and said 'Yes, you are drunk'". When objection was made that the argument was outside the record the court sustained the objection; the prosecutor withdrew the same, and the court instructed the jury not to consider such argument. In view of Officer Wayman's testimony that he did not observe appellant sufficiently to reach any conclusion as to his intoxication before directing appellant to move his automobile out of the intersection together with the argument of appellant's counsel and the prompt action of the trial court, we are unable to conclude that said remarks were so obviously prejudicial as to constitute reversible error.

The only question in appellant's brief which is supported by authority relates to an alleged comment upon the defendant's failure to testify. We find, however, that no objection was interposed at the time such argument was made and nothing is presented for review.

Finding the evidence sufficient to sustain the conviction and no reversible error appearing, the judgment is affirmed.