**Julius CORPUS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43367.**

Court of Criminal Appeals of Texas.

Jan. 20, 1971.

Rehearing Denied Feb. 24, 1971.

Herrington, Levbarg, Weeks & Jones by
Mark Z. Levbarg, Philip Juarez, Austin,
for appellant.

Bob Smith, Dist. Atty., Lawrence Wells,
Asst. Dist. Atty., and Jim D. Vollers,
State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for
possession of a narcotic drug, to wit: ami-
done. Following a verdict of guilty the
court assessed the punishment at 15 years'
confinement in the Texas Department of
Corrections.[1]

The record reflects that at approximate-
ly 2:15 p. m. on October 28, 1968, Mary
Hernandez encountered the appellant in
Benson's Lounge at 703 East 6th Street in
the city of Austin. Upon inquiry appellant
informed her that his "stuff" had come in
from San Antonio and she told him she
would see him later. Mary Hernandez
then drove to the Austin Police Depart-
ment where her person and Thunderbird
automobile were searched. She was then
given $45.00 with which to purchase nar-
cotics and Sergeant Freudenberg concealed
himself in the trunk of her automobile.
The trunk lid had been damaged and could

be closed or wired closed in such a manner
as to allow Freudenberg to observe events
outside of the automobile. Mary Hernan-
dez, followed by Captain Gann and
Sergeant Phillips in another automobile,
drove to Benson's Lounge. She met the
appellant in front of the said lounge, gave
him $45.00 and received a fingerstall of
powdery substance. She returned to her
automobile, drove a few blocks, stopped
and handed the fingerstall through the
opening in the trunk to Freudenberg.

The chain of custody was established
and the substance in the fingerstall was
shown by chemical analysis to be amidone.

Freudenberg corroborated Mary Hernan-
dez's testimony and identified the appellant
as the man he saw in front of Benson's
make an exchange with Mary Hernandez.
Captain Gann, who had known the appel-
lant for eight or ten years and who was
parked nearby, also identified the appellant
as the man who made a "hand to hand"
transaction with Mary Hernandez on the
date in question. His testimony was sup-
ported by that of Sergeant Phillips.

The appellant did not testify but called a
number of alibi witnesses.

The jury by their verdict rejected such
defense.

In appellant's first ground of error
he contends the court erred by excluding
evidence tending to show Mary Hernandez
"lied under cross-examination * * *
or, at least" was "mistaken," thus depriv-
ing him of his Fourth Amendment due
process rights.

On cross-examination it was elicited
from Mary Hernandez that she had
"made" or participated in 42 cases. When
asked she denied she had made any errors
in any of such cases. When asked if she
had identified a Jesse Serna she replied, "I
think it was October 8th—yeah, down at
La Rachel's Cafe at 11th and Red River.'

[1]. Prior to trial the State had waived and abandoned the prior narcotic conviction al- leged for enhancement. See Article 725b, Vernon's Ann.P.C.

Subsequently, without recalling the witness, the appellant sought to introduce a Travis County Court order dated October 7, 1968, committing a Jesse Serna to the Austin State Hospital for 15 days as a result of alcoholism. The court sustained the State's objection that it was attempted impeachment on a collateral matter and refused to permit the evidence to be presented to the jury. The order was admitted for the purpose of the bill of exception and the State offered to stipulate one Jesse Serna had been taken to the said State Hospital on October 7 and that he was presently under indictment.

Great latitude is allowed in cross-examination, but it is "to be observed that in limitation of the broad right to put questions designed to discredit the witness is the established principle that the witness may not be cross-examined as to any fact that is collateral and irrelevant to the issue merely for the purpose of laying a predicate for the introduction of independent evidence to impeach him by a showing that, as to the matter embraced in the question, the witness has answered untruthfully." 62 Tex.Jur.2d, Witnesses, Sec. 224, p. 162.

The limitation and reason therefor is well explained in McCormick and Ray, Texas Law of Evidence (2d Edition), Sec. 683, p. 526. See also City of Dallas v. Holcomb, Tex.Civ.App., 381 S.W.2d 347, 349.

In Gatson v. State, 387 S.W.2d 65, this court upheld the trial court's refusal to permit the defendant to prove that a State's witness was receiving state welfare after he denied he was doing so on cross-examination. The matter was clearly collateral to any issue in the case. See also Preston v. State, 41 Tex.Cr.R. 300, 53 S. W. 127. Arechiga v. State, Tex.Cr.App., 462 S.W.2d 1 (This day decided).

In 1 Branch's Ann.P.C., 2d ed., Sec. 270, p. 221, it is written:

"When a witness is cross examined on a matter collateral to the issue, his an- swer cannot be subsequently contradicted by the party putting the question. The test of whether a fact inquired of on cross-examination is collateral to the issue is this: Would the cross examining party be entitled to prove it as a part of his case tending to establish his plea?"

The refusal of the proffered evidence presents no error.

■ Appellant's second ground of error reads as follows:

"II. The court erred in admitting the testimony of E. L. Conner, then compounded the error by failing to give defendant a twenty-four hour continuance to call a rebuttal witness and by failing to grant defendant's motion for new trial."

The ground of error is multifarious and does not comply with the provisions of Article 40.09, Sec. 9, V.A.C.C.P. Nothing is presented for review. See Hinkle v. State, Tex.Cr.App., 442 S.W.2d 728; Shirden v. State, Tex.Cr.App., 439 S.W.2d 348; Keel v. State, Tex.Cr.App., 434 S.W.2d 687. And nothing urged constitutes a ground of error that should be reviewed "in the interest of justice." Article 40.09, Sec. 13, V. A.C.C.P.

■ Even if properly presented, we do not perceive error calling for reversal. After the defense rested the State called Officer E. L. Conner, formerly assigned to the Vice and Narcotics Detail of the Austin Police Department, who had seen persons who had been injected with narcotics. He testified that on November 6, 1968 (the date of appellant's arrest), he had seen the appellant on Gonzales Street and at the "booking desk" and had observed "excessive or large tracks, or needle marks on both inner elbows * * * and tracks and needle marks on the outer left forearm."

This specific testimony was admitted without objection though the appellant had

just objected to "testimony along this line" being "irrelevant and immaterial."

Appellant makes no claim that the observations occurred while he was under illegal arrest and detention (see Dujay v. State, Tex.Cr.App., 368 S.W.2d 613), nor that such testimony injected an extraneous offense into the case. Cf. Robinson v. California, 370 U.S. 660, 82 S.Ct. 1417, 8 L. Ed.2d 758; Salas v. State, Tex.Cr.App., 365 S.W.2d 174; Ex parte Rogers, Tex. Cr.App., 366 S.W.2d 559.

And in Feather v. State, 169 Tex.Cr.R. 334, 333 S.W.2d 851, this court held a qualified officer may state that he observed punctures in the defendant's arm, which, in his opinion, would come from injecting needles in his arm.

We further observe that Conner was thoroughly cross-examined as to his observations on November 6, then appellant's counsel had the appellant stand, take off his coat, and then the witness Conner was requested to make an examination of appellant's arms in the presence of the jury. Conner admitted his mistake as to the location of one mark and acknowledged that the scars or marks on appellant's arms were "more apparent" three months before.

There appears to be a conflict in the cases as to whether an accused may complain of admission of testimony where his own counsel adduces the same testimony upon cross-examination. Cf. Ervin v. State, Tex.Cr.App., 367 S.W.2d 680, with Willoughby v. State, 87 Tex.Cr.R. 40, 219 S.W. 468.

In Willoughby this court said:

"We know of no decision of this court nor rule of criminal law which compels an accused, when evidence has been admitted over his objection, to refrain from the right of cross-examination as to such evidence, or else be penalized by the loss of his objection and bills of exception."

"The Willoughby case seems to represent the correct rule except in cases where the cross-examination extends so far beyond the scope of the direct examination so that it can be said the cross examiner has legitimately made the witness his own witness." Patterson v. State, Tex.Cr.App., 458 S.W.2d 658, footnote #2.

Even if the evidence be irrelevant and immaterial, we do not, under the circumstances, perceive any reversible error.

■ The motion for continuance presented after such testimony was oral and not in writing and sworn to. Certainly the court did not abuse its discretion in overruling the same. See Articles 29.03, 29.08 and 29.13, V.A.C.C.P. It is possible that appellant intended to see only a postponement of the case. His oral request was, however, for a continuance. If a hearing was held and evidence offered on the motion for new trial, it is not in the record before us.

■ In his third and last ground of error appellant challenges the sufficiency of the evidence contending that "it was, in its entirety, the uncorroborated testimony of an accomplice witness" (Mary Hernandez). We do not agree. For the reasons set forth in Gomez v. State, Tex.Cr.App., 461 S.W.2d 422, involving this same witness, we do not conclude that she was an accomplice witness as a matter of law. The court submitted to the jury the fact issue of whether she was an accomplice witness as was done in Sutton v. State, 170 Tex. Cr.R. 617, 343 S.W.2d 452. Even if she was an accomplice witness, there was sufficient corroborative evidence tending to connect the appellant with the offense charged to sustain the conviction. See Article 38.14, V.A.C.C.P.

Finding no reversible error, the judgment is affirmed.