James Nolan COOPER, Appellant,

v.

The STATE of Texas, Appellee.

No. 46659.

Court of Criminal Appeals of Texas.

Nov. 7, 1973.

**838**

Kerry P. Fitzgerald (On appeal only), Dallas, for appellant.

Henry Wade, Dist. Atty. and John E. Rapier, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This is an appeal from a burglary with the intent to commit theft conviction wherein the punishment, enhanced under Article 63, Vernon's Ann.P.C., was assessed at life.

On July 31, 1971, officers of the Dallas Police Department received a call to proceed to the Franklin D. Roosevelt School located in Dallas. The silent burglar alarm had been tripped.

When the officers arrived, they discovered pry marks on the cafeteria door. Inside the building they found appellant Cooper and one Gerald Flemming hiding in a cabinet closet in the basement.

Leon M. Hayes, Principal of the Franklin D. Roosevelt School, testified that he had care, custody and control of the premises on the date in question and had not given his consent to appellant to enter the school.

Appellant took the stand in his own behalf and testified that on the date in question he was walking to a girl's house when two officers stopped him, asked appellant to get into the police car along with Flemming, who was already inside. Appellant further testified that they then proceeded to the school, where the officers took appellant and Flemming inside and placed them under arrest.

For the first time on appeal, appellant in his initial ground of error contends:

"The evidence is insufficient to support the enhancement allegations of the indictment herein as the prosecution failed to prove that the second prior burglary conviction in 1969 was a conviction for an offense committed by appellant after appellant's burglary conviction." (in 1968)

The record reflects that appellant was convicted of burglary in Cause No. 12,419 in the 40th District Court of Ellis County on June 14, 1968 and sentenced on the same date. No notice of appeal was given and appellant was received on July 18, 1968 by the Texas Department of Corrections. The first prior conviction thus became final on June 14, 1968. See Robertson v. State, 418 S.W.2d 678 (Tex.Cr.App. 1967); Wheat v. State, 442 S.W.2d 363 (Tex.Cr.App.1969); Childress v. State, 472 S.W.2d 133 (Tex.Cr.App.1971).

State's Exhibit No. 2, the judgment and sentence of Criminal District Court No. 2 of Dallas County, reflects that in Cause No. C–69–4840–I the appellant was convicted of burglary on October 24, 1969. The judgment on its face reflects that the offense was committed on July 20, 1969.

It thus appears that the record clearly shows the first prior conviction in 1968 was final prior to the commission and conviction in the second prior conviction. See

Mistrot v. State, 471 S.W.2d 831 (Tex.Cr. App.1971).

Appellant does not dispute these facts but apparently contends that this proof is at variance with the enhancement allegations due to some alterations made to the printed indictment form prior to the return of the indictment.

The indictment is composed of three paragraphs. The first paragraph charged the appellant with the instant or primary offense of burglary with intent to commit theft on or about July 31, 1971. The second and third paragraphs found on the second page of the indictment read as follows:

"Form 211—FINAL SHEET.

AND THE GRAND JURORS AFORESAID do further present that prior to the commission of the aforesaid offense by the said James Nolan Cooper to wit, on the 24th day of October, A.D.1969, in the Criminal District Court No. 2 of Dallas County, Texas, in cause number C–69– 4840–I on the docket of said court, the said James Nolan Cooper under the name of Nolan Cooper was duly and legally convicted in said last named court of a felony less than capital to wit, Burglary, as charged in the indictment upon an indictment then legally pending in said last named court and of which said court had jurisdiction; and said conviction was a final conviction and was a conviction for an offense committed by him, the said James Nolan Cooper prior to the commission of the offense hereinbefore charged against him, as set forth in the first/and second paragraphs paragraph hereof;

AND THE GRAND JURORS AFORESAID do further present that prior to the

commission of each of the aforesaid offenses by the said James Nolan Cooper, to wit, on the 14th day of June, A.D.1968 in 40th JUDICIAL the Criminal District Court of Ellis County, Texas, in cause number 12,419 on the docket of said court, the said James Nolan Cooper under the name of Nolan Cooper was duly and legally convicted in said last named court for a felony less than capital, to wit, Burglary upon an indictment then legally pending in said last named court and of which the said court had jurisdiction and said conviction was a final conviction and was a conviction for an offense committed by him, the said James Nolan Cooper prior to the commission and conviction of the offense hereinbefore charged against him third in the second paragraph hereof, and said commission and conviction set forth in this paragraph was prior to the commission of /and second the offense set forth in the first paragraph paragraphs, hereof."

The alterations should not have been made, for the printed form contained the proper allegations where the primary offense is alleged in the first paragraph. It appears that alterations were made as if the drafter believed that the first page of the indictment contained two counts in two separate paragraphs.[1]

Appellant relies upon a long line of cases that to invoke the provisions of Article 63, Vernon's Ann.P.C., the indictment must allege the prior convictions and such allegations must be supported by proof.

Indeed, in Rogers v. State, 168 Tex.Cr.R. 306, 325 S.W.2d 697, 698 (1959), it was said:

"This Court has consistently held that to invoke the provisions of Art. 63, Ver-

---

1. This distinguishes the instant case from the factual situation in Alvarez v. State, 472 S.W.2d 762 (Tex.Cr.App.1971). In *Alvarez* the first count alleged the primary offense of possession of heroin and the second count alleged the sale of heroin on the same date. The enhancement portion of the indictment, being paragraphs three and four, was tied by

their allegations *solely* to the first count contained in the first paragraph of the indictment. Subsequently, the State waived and abandoned the first count of the indictment but utilized the enhancement portion of the indictment in connection with the conviction upon the second count. Reversal on appeal followed.

non's Ann.P.C., it is necessary that each succeeding conviction be subsequent both in point of time of the commission of the offense and the conviction therefor. Guilliams v. State, 159 Tex.Cr.R. 81, 261 S.W.2d 598, and cases cited.

"The indictment must so allege and *the averments of the indictment must be* supported by proof. Arbuckle v. State, 132 Tex.Cr.R. 371, 105 S.W.2d 219, 221; Armendariz v. State, 163 Tex.Cr.R. 515, 294 S.W.2d 98, 99." See also Haines v. State, 391 S.W.2d 58 (Tex.Cr.App.1965), and cases there cited. Wheat v. State, 442 S.W.2d 363 (Tex.Cr.App.1969); Alvarez v. State, 472 S.W.2d 762 (Tex.Cr. App.1971); Rounsavall v. State, 480 S. W.2d 696, 698 (Tex.Cr.App.1972), and cases there cited.

Appellant candidly admits that the substitution of the phrase "and second paragraphs" for "paragraph hereof" following the word "first" at the end of the second paragraph of the indictment and the singular use of the word "offense" in the next to the last line in the third paragraph of the indictment are technically clerical mistakes and do not constitute fatal errors. We agree.

He claims, however, that the allegations in the *third* paragraph are fatally defective since it alleges that the first prior conviction in 1968 was a final conviction "prior to the commission and conviction of the offense charged against him in the *third* paragraph hereof . . . . " He urges that these allegations are "of no consequence" and rendered meaningless "by the insertion of the words 'third paragraph' and is therefore redundant." He further urges that in such third paragraph the prior commission and conviction for the offense set forth therein are alleged to only be prior to the "commission" of the "offense" set forth in the indictment, with no allegation that the commission and conviction of the offense set forth in the third paragraph of said indictment were prior to the "conviction" of the offense set forth in the second paragraph of said indictment.

The State contends that all the alterations were clerical errors of the grand jury clerk and contain a combination of surplusage and harmless misreference to paragraphs to which the appellant offered no objection during the trial.

In this connection it is to be observed that appellant made no motion to set aside the enhancement portion of the indictment, testified at the guilt stage of the trial as to the convictions, and subsequently offered no objection when the court charged the jury at the punishment phase of the trial ignoring the alterations on the indictment form and correctly referred to the paragraphs in the order in which they are found in the indictment.

■ It is true, of course, that where an indictment is in such form that legal judgment of guilt cannot be based thereupon the question of its validity may be raised on appeal and be considered timely. 5 Tex.Jur.2d, Appeal and Error—Criminal Cases, § 32, p. 54. Alvarez v. State, 472 S.W.2d 762, 765 (Tex.Cr.App.1971).

Thus, we must determine if the defects in the accusatory pleading are substantial enough to invoke such rule.

■ It appears from the briefs that both the State and the appellant consider the alterations made in the second paragraph of the indictment to be surplusage and harmless. The reference in the third paragraph of the indictment to "the third paragraph hereof" instead of the "second paragraph hereof" really could not have misled the appellant in view of the number of paragraphs in the accusatory pleading and the fact it was an obvious clerical error. Further, when the two paragraphs constituting the enhancement portion of the indictment are considered together, we conclude that, while the indictment form is not to be commended, the allegations are sufficient to satisfy the requirements of Article 63, Vernon's Ann.P.C. Cf. Woolsey v. State, 166 Tex.Cr.R. 447, 314 S.W.2d 298 (1958), cert. den., 358 U.S. 856, 79 S.Ct. 89, 3 L.

Ed.2d 90. See also Article 21.19, Vernon's Ann.C.C.P.

It should be remembered that the prior convictions alleged for enhancement need not be alleged with the same particularity as must be used in charging the original offense. 1 Branch's Ann.P.C., 2nd ed, § 697, p. 679. Cf. Dora v. State, 477 S.W. 2d 20 (Tex.Cr.App.1972).

Next, appellant urges that the prosecutor committed reversible error in violation of Article 38.08, Vernon's Ann.C.C.P., in repeatedly questioning him concerning his failure to testify in his own behalf during the first trial of the cause, which ended in a mistrial.

On direct examination appellant related he had been arrested shortly after he had gotten off a bus on the way to see a girl and placed in a police car with a man named Flemming; that both of them had been taken to a school house and forced at gunpoint to lie on the floor and subsequently taken to the police station and booked for burglarizing the school.

On cross-examination inquiry was made as to whom he disclosed the "frame-up". The appellant stated he had tried to talk to the examining prosecutor and the record reflects the following:

"Q  You tried to talk to me?

"A  Yes, sir.

"Q  When was this?

"A  I  believe  the  second  trial

.   .   .   .

"Q  That's right, this is the second trial you have had on the same case.

"A  Yes, sir, and then I told you the first time we come to trial that I wasn't guilty in this case. I started to, you went out and you said we will see."

The only objection offered at this point was that the State should not be complaining about "this" being a second trial. The State disclaimed any such complaint and the objection was overruled.

Thereafter, it was elicited from the appellant without objection that he had not testified in the earlier trial which had resulted in a mistrial. Twice subsequently the same inquiry was made and the same answer elicited again without objection.

The inquiry was improper, for it is clear that the provisions of Article 38.08, Vernon's Ann.C.C.P., extend to and cover failure to testify at a former trial of the same case. Lee v. State, 165 Tex.Cr.R. 113, 303 S.W.2d 406 (1957); Article 38.08, supra, note 99. In absence of a timely objection, however, nothing is presented for appellate review. Phelps v. State, 394 S.W.2d 814 (Tex.Cr.App.1965). It is fundamental that a timely objection to inadmissible evidence be urged at the first opportunity. This was not done nor has appellant shown any reason for delaying his objection. See Martinez v. State, 437 S. W.2d 842, 847 (Tex.Cr.App.1969); Sierra v. State, 482 S.W.2d 259 (Tex.Cr.App. 1972). See also 5 Tex.Jur.2d, Appeal and Error—Criminal Cases, §§ 39, 40 and 41.

Appellant also complains that the prosecutor injected unsworn hearsay statements into evidence by reference to the fact that appellant's co-defendant Flemming had told a different story at the first trial than appellant's version at the instant trial.

After one of the inquiries about the appellant's failure to testify at the former trial, appellant volunteered a statement that the co-defendant had testified in the earlier trial and stated facts "enough to convince the jury what actually happened."

The prosecutor responded with "Q But, he told a completely different story, didn't he?"

Appellant's objection was sustained and the question was never answered. The jury was instructed to disregard the question, but the mistrial motion was overruled.

We conclude, under the circumstances of the instant case, the error was cured by the

court's instruction since the question was not answered and the jury instructed to disregard the question. See 5 Tex.Jur.2d, Appeal and Error—Criminal Cases, § 447.

■ Appellant further argues that the court erred in permitting the prosecutor to testify in rebuttal and contradict the appellant's assertion that he had informed the prosecutor at the first trial of his defense of "frame-up."

Appellant argues that the testimony is a deliberate attempt to impeach appellant on a collateral issue which should have been excluded under Corpus v. State, 463 S.W. 2d 4 (Tex.Cr.App.1971).

In *Corpus,* supra, the State's witness was briefly cross-examined concerning her identification of a person other than the defendant from whom she made a narcotics buy not shown to be connected with the *Corpus* case. Without recalling the witness, the defendant sought to introduce a court commitment of the person so identified to the Austin State Hospital which contained a commitment period which included the day the witness testified that she saw the other person at a cafe in Austin. There the trial court properly excluded the court order as an attempt to impeach the witness on a collateral issue.

After reviewing the testimony in the instant case as a whole, we disagree with appellant that the testimony was immaterial. The issue on which the prosecutor sought to impeach the appellant concerned appellant's assertion before the jury that he had previously told the prosecutor the facts he was now relating to the jury in order to bolster his defensive theory that he was abducted and framed.

We conclude that the evidence complained of is admissible. 62 Tex.Jur.2d, Witnesses, § 232, p. 183. See and compare Asay v. State, 456 S.W.2d 903 (Tex.Cr. App.1970); Sherman v. State, 428 S.W.2d 338 (Tex.Cr.App.1968).

Appellant's third ground of error is overruled.

Appellant's last ground of error relates to the prosecutor's closing argument at the punishment phase in which he remarked:

" . . . that's what we call the habitual criminal. That's where the law regards that someone is incorigable (sic) and that the punishment range is therefore expended to a life term in the penitentiary. I only use the word term. In other words, that means that the Defendant should go to the penitentiary for life or until such time as he can be determined to be rehabilitated."

In cases where the State seeks enhancement of punishment under the recidivist statutes, the jury's function is to determine if the defendant had been previously convicted as alleged in the indictment. Once the jury does so find, the defendant's punishment under the enhancement statutes is automatically affixed by law. See Garrett v. State (No. 46,759, delivered October 10, 1973); Ex parte Scott, 485 S.W.2d 921 (Tex.Cr.App.1972).

■ While it is improper for the prosecutor to allude to "rehabilitation" in the instant case, we do not construe the remarks complained of as a comment on the number of years appellant would serve or as constituting reversible error under the opinion of this court in Hernandez v. State, 366 S.W.2d 575 (Tex.Cr.App.1963). See and compare Dorsey v. State, 450 S.W.2d 332 (Tex.Cr.App.1970); Bryant v. State, 455 S.W.2d 235 (Tex.Cr.App.1970); Lopez v. State, 464 S.W.2d 882 (Tex.Cr.App.1971).

■ Even so, the error, if any, in the prosecutor's argument is harmless in light of appellant's own admission to the prior convictions alleged for enhancement and since appellant's objection to the complained of argument was sustained with the court admonishing the jury to disregard same.

Appellant's last ground of error is overruled.

For the reasons stated, the judgment is affirmed.