LOUIS BRITTON (ALIAS L. O. BRITTON, ALIAS A. C. DAVIS, ALIAS J. C. WALTON) V. THE STATE.

No. 18168. Delivered April 22, 1936.

The opinion states the case.

*C. F. Stevens*, of Houston, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is burglary; the punishment, confinement in the penitentiary for life.

The penalty assessed in the present instance is by virtue of Art. 63, P. C., providing a penalty of confinement in the penitentiary for life against one three times convicted of a felony less than capital.

On the 25th day of January, 1935, the barber shop of M. C. Hayman was burglarized and two sets of electric clippers, one hand clipper, six razors and other property taken therefrom. Appellant made a confession in which he stated that he had burglarized said shop and taken therefrom the property in question. His statement was to the further effect that he sold the property to J. R. Hutton, proprietor of a barber shop located in the city of Houston.

Testifying in his own behalf, appellant denied that he had

committed the burglary. He declared that the property he sold Mr. Hutton belonged to him. His testimony was to the further effect that he had not read the confession at the time he signed it and did not know what it contained. In short, he repudiated the confession. He admitted that he had theretofore been convicted of the two felonies less than capital which were set forth in the indictment for the purpose of enhancing the penalty.

In bill of exception No. 1 complaint is made of the action of the trial court in declining to permit a witness for appellant to testify that on the 25th day of July, 1935, after the burglary, the injured party stated to her that the barber tools found at Hutton's barber shop were not his. It appears that upon cross-examination the injured party had testified that he did not remember whether he had made said statement to the witness. In qualifying the bill of exception, the trial judge states that the injured party had testified that he could not identify any of the tools in Hutton's barber shop as being his property. It is observed that while the injured party testified that he could not identify the tools found in the barber shop of Hutton as being his property, yet he did say that said tools were similar to those he had lost. In other words, his testimony would necessarily have made the jury believe that it was his judgment that the tools in question belonged to him. As has already been observed, appellant denied that he committed the burglary and declared that the tools he sold Hutton belonged to him (appellant). Under the circumstances, the opinion is expressed that the inquiry was as to a material matter. In Branch's Annotated Penal Code, Sec. 178, it is said: "The test of whether a fact inquired of on cross-examination is collateral to the issue is this: Would the cross-examining party be entitled to prove it as a part of his case tending to establish his plea?" Proof by appellant to the effect that the property sold Hutton did not belong to the injured party would have tended to have supported his plea that he did not commit the burglary. It follows that the impeaching witness should have been permitted to testify.

Appellant excepted to the charge of the court for its failure to instruct the jury to acquit him if they believed he did not make the confession introduced in evidence against him. In view of the fact that the elimination of the confession renders the evidence insufficient to sustain a conviction, we think appellant's exception was well taken and that upon another trial the court should instruct the jury to the effect mentioned.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.