**Rudolph Castillo ARECHIGA, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 43366.

Court of Criminal Appeals of Texas.

Jan. 20, 1971.

Herrington, Levbarg, Weeks & Jones by T. Allen Herrington, Austin, for appellant.

Bob Smith, Dist. Atty. and Lawrence Wells, Asst. Dist. Atty., and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for the possession of heroin; the punishment, enhanced by two prior felony convictions (Vernon's Ann.P.C. art. 63) less than capital, was assessed at life.

Appellant's first two grounds of error concern the trial court's refusal to allow the appellant to introduce extrinsic evidence for the purpose of impeaching the state's witness on a collateral matter.

Mary Hernandez testified she had been a heroin addict and that she knew the appellant and that she saw him on September 27, 1968. On that day she went to the police pound at about 12 o'clock noon and was searched by Sheila Dunn, and her 1961 Thunderbird was searched by Sergeants Jones, Freudenberg, and Hersom of the Austin Police Department. Sergeant Jones gave her five dollars and got in the trunk of her car. The trunk of said car had been damaged and was incapable of being closed completely. She further testified she drove down 7th and 6th Streets in Austin with

1

Hersom and Freudenberg following a pick-up truck. On East 6th Street she saw the appellant, and when he raised his hand, she stopped. Appellant got in the car with her and she asked him if he had any "stuff," meaning heroin. He answered, "How much?" She told him one cap. He took one cap from his pocket and gave it to her in exchange for the five dollars. Appellant left the car and the witness parked the car on East 5th Street and handed the capsule to Sergeant Jones in the trunk.

Sergeant Jones testified that the trunk would not close and left a crack about two and one-half to three inches wide and he could see out of the same. He identified appellant as the person who came over and got into the car on this occasion with Mary Hernandez. He overheard a conversation, but it was in Spanish and he could not understand it. Soon thereafter, Mary Hernandez handed him a gelatin capsule. He put it in a sealed envelope and later delivered it to the Department of Public Safety.

Officers Hersom and Freudenberg both testified that they searched the car at the police pound, found no heroin or other narcotics, that they followed Hernandez in a pickup truck, maintaining visual contact at all times. They observed appellant get into the car. After appellant left the car, they observed Mary Hernandez walk to the trunk of the car after she had driven a short distance and stopped.

A chemist for the Department of Public Safety received the envelope from Sergeant Jones and analyzed the capsule. He testified that based on chemical analysis the capsule contained heroin.

On cross-examination, Mary Hernandez testified that she had never made a mistake about any of the 42 persons she had made cases against. Also, in response to a defense question, she testified that she had purchased heroin from Jesse Serna, Jr., on October 8, 1968. Appellant then attempted to introduce evidence showing that Serna was in a state hospital on that date. The prosecutor objected and the court sustained the objection.

In Gatson v. State, Tex.Cr.App., 387 S.W.2d 65, this Court held that when a witness is cross-examined on a collateral matter even to impeach his testimony, the cross-examining party cannot then contradict the witness. The test as to whether a matter is collateral is whether the cross-examining party would be entitled to prove it as a part of his case tending to establish his plea. Britton v. State, 130 Tex. Cr.R. 241, 93 S.W.2d 744; 1 Branch's Annotated Penal Code 221, Sec. 200. See: Corpus v. State, 463 S.W.2d 4 (1970).

If appellant as a part of his direct evidence, had tried to prove that Serna was in the state hospital on a particular date it would have been inadmissible. The Court, in excluding the inadmissible evidence, in no way violated the due process clause of the Fourteenth Amendment to the United States Constitution as alleged by appellant. Appellant's first two grounds of error are overruled.

Appellant contends that the evidence is insufficient to sustain the conviction.

Mary Hernandez testified that she purchased the heroin from the appellant. The corroborating testimony of the officers, and the proof that the capsule contained heroin together with the rest of the state's evidence support the jury's finding.

The judgment is affirmed.