Affirmed and Opinion filed October 17, 2002









Affirmed and Opinion filed October 17, 2002.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-01-00806-CR

____________

 

ADAM DANIELS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 177th District Court

Harris County, Texas

Trial
Court Cause No. 858,478

 



 

O P I N I O N

Appellant Adam Daniels entered a plea of not guilty to the
offense of burglary of a building with intent to commit theft.  The offense was enhanced by two prior
felonies.  The jury convicted him and
assessed punishment at fifteen years confinement.  In two points of error, appellant claims (1)
the trial court erred in denying his motion for mistrial based upon prejudicial
remarks by the prosecutor; and (2) the trial court erred in allowing him to be
impeached with prior criminal convictions. 
We affirm.

 








I.  FACTUAL BACKGROUND

In very early hours of the morning, Charlotte Jane Hutto awoke to discover appellant taking items from her garage
and throwing them over a fence into the alley behind her house.  She quickly summoned the police.  Upon their arrival, Hutto
turned on an outside light and clearly saw appellant, who then jumped over the
fence and ran from the back yard.  The
officers chased appellant through the neighborhood.  A K-9 officer discovered him hiding behind a
truck and ordered appellant to appear before him.  Appellant did not respond.  The K-9 officer then instructed his dog to
pull appellant from his hiding place.  Hutto identified appellant as the offender and the officers
placed him under arrest.

Appellant contends that the prosecutor=s cross-examination over an alleged
injury demanded a mistrial.  At trial,
appellant testified he was walking to work at that early hour when he caught
sight of the police officers.  Because he
had an outstanding warrant, appellant wanted to avoid an entanglement with law
enforcement, so he hid behind the truck to elude them.  Appellant testified that he lost his previous
job due to a work related injury, and the condition prevented him from running,
much less fleeing.  Thus, he claims, he
could not have run from the police officers, as the injury would not have allowed
him to do so.

During the State=s cross-examination of appellant, the
prosecutor questioned him about his previous job and the circumstances
surrounding his departure.  The
prosecutor first asked, ANow, do you want to tell this jury why
you were fired, or do I need to get her down here and tell this jury?@ 
The trial court sustained appellant=s objection to this question..  The prosecutor
then asked, AIsn=t the truth that the reason you were
fired from that company is because they caught you stealing?@ 
The trial court again sustained appellant=s objection, instructed the jury to
disregard the question, and denied appellant=s motion for a mistrial.








Appellant also contends that the trial court erred in
allowing him to be impeached with evidence of prior criminal convictions.  Prior to trial, appellant filed a motion
seeking to prohibit the State from impeaching him with prior criminal
convictions.  Though his motion was
denied by the trial court, appellant chose to take the witness stand in his own
defense and testify.  Appellant also
offered the prior convictions into evidence on direct examination.  On cross-examination, the State asked
appellant about the convictions and the sentence he received for each
conviction.  




II. 
DISCUSSION

A.  THE PROSECUTOR=S CROSS-EXAMINATION

In his first issue, appellant contends the trial court erred
in denying his motion for mistrial based upon prejudicial remarks by the
prosecutor.  Although the trial court
sustained the objection, we find that the prosecutor was entitled to
cross-examine appellant on the true reason for the termination of his
employment.  Appellant had already
testified that he lost his job due to an injury.  In fact, appellant pointed to this very
injury as evidence that someone else fled from the police on the morning in
question.  He claims he could not have
run from the police because of his injury and thus the fleeing suspect could
not have been him.








Though we cannot substitute our judgment for the trial court
which sustained appellant=s objection, we find nothing improper in the prosecutor=s cross examination. It is the State=s right, and indeed, its duty, to
cross‑examine a witness for an accurate determination of guilt and to
prevent fraud upon the court. Keller v. State, 662
S.W.2d 362, 364 (Tex. Crim. App. 1984). In
Texas state courts, the scope and extent of cross‑examination remains
wide open and permits the cross‑examiner to explore any matter relevant
to the issues.  See Harrison v. Texas
Employers Ins. Ass=n,
747 S.W.2d 494, 498 (Tex. App.CBeaumont 1988, writ denied); Gerald
R. Powell et. al., A Practical
Guide to Texas Evidence 139 (2d ed 1999);  compare Fed. R. Evid.
611(b) (limiting cross-examination to the subject matter of
the direct examination, the credibility of the witness, and Aadditional material@ at the discretion of the court).  Indeed, the scope of cross‑examination
should extend to all facts and circumstances that, when tested by human
experience, tend to show that a witness may shade his testimony for the purpose
of helping to establish only one side of the cause.  See Carroll v. State, 916 S.W.2d 494,
497B98 (Tex. Crim.
App. 1996).

Though appellant contends that the prosecutor strayed into
impermissible territory, a properly conducted cross-examination knows only the
bounds of relevancy.  As the Beaumont
Court of Appeals has observed:

The only limitation is one of relevancy and the concepts
of relevancy have been extended to permit inquiry into the situation of the
witnesses, with respect to the parties, and to the subject matter of the
litigation as well as the witness=
interest, bias, motives, inclinations and prejudices and his means of obtaining
accurate knowledge of the facts to which he testifies and the manner in which
he uses these means.  Nevertheless, since
the chief purpose of cross‑examination is to test the accuracy and the
credibility of the witness, it is obvious that the manner of cross‑examination
and its extent must rest in the sound discretion of the trial judge.

Harrison, 747 S.W.2d at 498.  








Here, the prosecutor exercised his right to cross‑examine
appellant on matters reflecting his credibility.  See Virts v.
State, 739 S.W.2d 25, 28 (Tex. Crim.
App. 1987).  Appellant testified on
direct examination that he was terminated from his job due to an injury.  Were that the sum of his testimony on the
matter, the analysis might merit a discussion of the collateral matter rule,
which prohibits impeachment on matters not admissible for any purpose absent
the inconsistency.  See Skillern v. State, 890 S.W.2d 849 (Tex. App.CAustin 1994, pet. ref=d) (finding that the State had the
right to cross‑examine witness who Aopens the door@ by raising a collateral matter on
direct examination);  see also Arechiga v. State, 462 S.W.2d 1, 2 (Tex. Crim. App. 1971) (noting that whether a matter is
collateral depends on whether the cross‑examining party would be entitled
to prove it as a part of his case). 
Here, however, appellant identified the injury as the very reason why he
could not have been the perpetrator.  We
cannot say that the cross-examination was improper or prejudicial so as to
demand a mistrial, especially considering that appellant opened the door to his
credibility on the issue on his own direct examination.

Because the trial court sustained appellant=s objection, we analyze the issue in
the context of the trial court=s decision to deny appellant=s request for a mistrial.  Though the trial court saw fit to sustain
appellant=s objections to the
cross-examination, we do not find that the form or substance
of the prosecutor=s
questions are so egregious as to merit a mistrial.  If an instruction is given and the court
denies the defendant=s motion for mistrial, error results only when the argument
is extreme, manifestly improper, injected new and harmful facts into the case,
or violated a mandatory statutory provision and was thus so inflammatory that
its prejudicial effect could not reasonably be removed from the minds of the
jurors by the instruction given.  Washington
v. State, 822 S.W.2d 110, 118 (Tex. App.CWaco 1991), rev=d on other grounds, 856 S.W.2d 184 (Tex. Crim. App. 1993).  It
is considered a sufficient response to most well-founded objections that the
material be withdrawn from jury consideration, if necessary, and that jurors be
admonished not to consider it during their deliberations.  Barber v. State, 757 S.W.2d 359, 362
(Tex. Crim. App. 1988).  The adversarial system rests on a belief that
the declaration of a mistrial should be an exceedingly uncommon remedy for any
residual prejudice remaining after the objections are sustained and curative
instructions delivered.  For this reason,
our system presumes that judicial admonishments to the jury are
efficacious.  Waldo
v. State, 746 S.W.2d 750, 754 (Tex. Crim. App.
1988).

Only when it is apparent that an objectionable event at trial
is so emotionally inflammatory that curative instructions are not likely to
prevent the jury being unfairly prejudiced against the defendant may a motion
for mistrial be granted.  Kemp v. State, 846 S.W.2d 289, 308 (Tex. Crim.
App. 1992).  Here, the prosecutor=s statement, even if it were not
permissible, was not so inflammatory that an instruction to disregard would not
have cured any prejudicial effect.  Therefore,
the trial court did not abuse its discretion in denying the motion for
mistrial.  Appellant=s first issue is overruled.








B.  THE IMPEACHMENT BY
PRIOR CONVICTIONS

In his second issue, appellant claims the trial court erred
in failing to weigh the remoteness of appellant=s prior convictions or apply the Theus factors in response to appellant=s motion to testify free from
impeachment.  See Theus
v. State, 845 S.W.2d 874 (Tex. Crim.
App. 1992).  Although styled a Amotion to testify free from
impeachment,@ appellant=s motion was, in substance and relief
sought, a motion in limine.  See Johnson v. State, 981
S.W.2d 759, 760 (Tex. App.CHouston [1st Dist.] 1998, pet. ref=d). 

A defendant has the right as trial strategy to introduce
evidence of prior convictions on direct examination, but the fact that a motion
in limine has been overruled does not mean the trial
court may not change the ruling during the trial or that the State will
actually offer the evidence.  Gaffney
v. State, 940 S.W.2d 682, 687 (Tex. App.CTexarkana 1996, pet. ref=d). 
A defendant who preemptively introduces evidence of a prior conviction
on direct examination may not claim on appeal that the admission of such
evidence was error.  Ohler v. United States,
529 U.S. 753, 759 (2000). 
Appellant has waived error with regard to the State=s use of the offenses on cross-examination.  Id.

Appellant further claims the trial court erred in allowing
the State to inquire into the details of appellant=s prior convictions.  Appellant is correct in asserting the State
is not permitted to bring before the jury the details of an offense that
resulted in a prior conviction, the existence of which is admitted against the
accused.  Mays v.
State, 726 S.W.2d 937, 953 (Tex. Crim. App.
1986).  The prosecutor in this
case, however, did not inquire into the details of the prior convictions; he
merely asked appellant what sentence he had received and when he had been
paroled from each offense.  The rule
prohibiting the State from inquiring into the details of the offense was not
intended to prohibit such questions.  See Stevens v. State, 671 S.W.2d 517, 522 (Tex. Crim. App. 1984) (Inquiry into offense and length of
sentence not considered inquiry into details of the offense).  Appellant=s second issue is overruled.








The judgment of the trial court is affirmed.

 

 

 

 

/s/        Eva M. Guzman

Justice

 

 

Judgment rendered
and Opinion filed October 17, 2002.

Panel consists of
Justices Edelman, Seymore, and Guzman.

Do Not Publish C Tex.
R. App. P. 47.3(b).