

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NOS. 02-11-00047-CR
### 02-11-00048-CR

SEDRICK LAMOND HARRIS                                    APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

## FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

In two issues, appellant Sedrick Lamond Harris appeals his convictions for possessing cocaine while intending to deliver it and for unlawful possession of a firearm. We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## Background Facts

### The State's version of the facts

In early 2010, Fort Worth police officer Derrick Lopez received information about narcotics activities occurring in an apartment on Sparrow Wood Lane. On February 15, 2010, he obtained a no-knock warrant for the apartment. The next day, officers executed the warrant. While a perimeter team ensured that no one fled from the second floor apartment, one officer used a ram in an attempt to open the apartment's door, but the ram instead created a hole in the middle of the door. Officer J.C. Williams looked through the hole and saw appellant sitting near a table. When the officers entered the apartment, appellant, who had been alone in the apartment, ran to a bedroom. Near where appellant had been sitting, officers found a loaded black pistol, several sandwich bags, about eighteen combined grams of crack and powdered cocaine, three scales, a cell phone, and $674. The officers secured the evidence and arrested appellant, who did not have any evidence on his person.

At appellant's jury trial, Officer Lopez opined that appellant had possessed the cocaine with intent to deliver it because of the amount of narcotics found, the evidence that the police had "gathered to have the warrant issued," the amount of money found, and the presence of scales. Officer Lopez testified that the police did not take fingerprints from the items that they found. He also said that he did not determine who had been renting the apartment.

**Appellant's version of the facts**

Elaine Barron, with whom appellant has had two children, testified that on the date of appellant's arrest, she took him to the apartment so that he could buy drugs from "one of his homeboys." Barron said that appellant did not live at the apartment.[2] Appellant testified that when he arrived at the apartment while possessing $35 to buy drugs, two men, "Nook" (whose real name is Adrian Jones) and Reginald, were in the house, but no drugs, money, or guns were visible. Appellant said that he was using the restroom when he heard someone say "come on," "get out," or "let's go." By the time appellant finished using the restroom, he heard a "boom" and "freezed [sic] in the back room"; thus, appellant denied that he ever sat near the table where the police found the items described above. According to appellant, after the police arrested him, he learned that Nook and Reginald had jumped off a balcony and had run to another residence.

**Procedural history**

A grand jury indicted appellant for unlawfully possessing a firearm[3] and for possessing four or more but less than two hundred grams of cocaine with intent

---

[2]Appellant had asserted in a pretrial motion to suppress evidence (which the trial court denied) that the officers' search was of his home.

[3]*See* Tex. Penal Code Ann. § 46.04(a)(1) (West 2011). Appellant's indictment for unlawful possession of a firearm alleged that he possessed the gun within five years of being released from confinement for a conviction of possessing heroin.

to deliver it.[4]   The indictments contained repeat offender notices concerning appellant's prior aggravated assault conviction.  Appellant pled not guilty to both charges, but the jury convicted him of them.  After receiving evidence concerning appellant's punishments and finding the indictments' enhancement allegations to be true, the jury assessed twenty-five years' confinement for possessing while intending to deliver the cocaine and twenty years' confinement for unlawfully possessing the firearm.  The trial court sentenced appellant accordingly, and it ordered the sentences to run concurrently.  Appellant brought these appeals.

## The Identity of the State's Confidential Informant

In his first issue, appellant contends that the trial court erred by denying his motions to discover the identity of the State's confidential informant.  In those written motions, appellant contended,

> The informant is a material witness in the above entitled and numbered causes in that information supplied to law enforcement by the informant formed the basis for a search warrant . . . . The informant was present during the alleged purchase of crack cocaine from the defendant on three separate occasions.  No other witnesses were present[,] and without learning of the identity of the informant and questioning him as to the alleged transactions, the right of the defendant to confront and cross-examine the only material witness is prevented.  Further, without knowing the identity of the informant, the defense will not be able to test the assertions of law enforcement that this informant has been reliable in the past.

---

[4]*See* Tex. Health & Safety Code Ann. §§ 481.102(3)(D), .112(d) (West 2010).

A few months before the trial began, the trial court held a hearing on the motions. Officer Lopez was the only witness at the hearing, and he testified to the following facts:

- the police department had received complaints about drug dealing in a Fort Worth apartment complex;

- a confidential informant bought drugs at an apartment in the complex on January 27, 2010, February 8, 2010, and February 13, 2010 from someone named "Nook," although the informant reported to Officer Lopez that "multiple people were in there" on one occasion;

- Officer Lopez used information from the informant, whom Officer Lopez had worked with on many occasions, to obtain a search warrant for the apartment, but the informant was not involved in the execution of the warrant;

- upon execution of the warrant inside the apartment, the police found drugs, a gun, and appellant, who was the only person in the apartment and who was "literally sitting on the couch next to the seized evidence when officers made entry"; and

- Officer Lopez believed that appellant was "Nook," but Officer Lopez's decision to arrest appellant was based solely on the evidence that the police obtained during the execution of the search warrant.

After Officer Lopez's testimony ended, appellant's counsel argued that the informant's identity should be disclosed because appellant wanted

> to call the confidential informant to testify that on the three occasions he went to the apartment the person named Nook was present, and we're pretty confident that Mr. Harris is not Nook and we are confident we're going to be able to prove that.
>
> So the issue is if Mr. Harris was present during the time of the arrest, he may have been there for other reasons other than what's alleged in the indictment. And that on the three occasions that the confidential informant was there, or saw Nook, Mr. Harris was not there. And I think as this develops, it's going to be evident that we're

5

going to [need] the confidential informant [to] come testify as to whether or not this person is Nook.

The trial court denied appellant's motion to discover the confidential informant's identity.

On appeal, appellant argues that since he testified at trial that he went to the apartment to only buy drugs, any evidence showing that he was not the person "who operated a drug-selling business out of this particular location would support his defense." He contends that appellant and Nook being the same person was a key component of the State's theory of the case, and he asserts that the confidential informant could have clarified whether appellant is Nook.

A rule of evidence provides that the State "has a privilege to refuse to disclose the identity of a person who has furnished information relating to or assisting in an investigation of a possible violation of a law to a law enforcement officer . . . conducting an investigation." Tex. R. Evid. 508(a). But the same rule creates an exception to the State's privilege if "it appears from the evidence in the case or from other showing by a party that an informer may be able to give testimony necessary to a fair determination of a material issue . . . on guilt or innocence in a criminal case." Tex. R. Evid. 508(c)(2). We review a trial court's ruling on a rule 508 motion for an abuse of discretion. *See Taylor v. State*, 604 S.W.2d 175, 179 (Tex. Crim. App. [Panel Op.] 1980); *Ford v. State*, 179 S.W.3d 203, 210 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd), *cert. denied*, 549 U.S. 922 (2006); *see also Griffin v. State*, No. 02-09-00399-CR, 2011 WL

6

754349, at *3 (Tex. App.—Fort Worth Mar. 3, 2011, pet. ref'd) (mem. op., not designated for publication). "Under that standard, a trial court's decision is disturbed on appeal only when it falls outside the zone of reasonable disagreement." *Ford*, 179 S.W.3d at 210.

For the exception to the State's privilege that rule 508(c)(2) creates to apply,

> [t]he informer's potential testimony must significantly aid the defendant and mere conjecture or supposition about possible relevancy is insufficient.
>
> The defendant has the threshold burden of demonstrating that identity must be disclosed. Since the defendant may not actually know the nature of the informer's testimony, however, he or she should only be required to make a plausible showing of how the informer's information may be important.
>
> Evidence from any source, but not mere conjecture or speculation, must be presented to make the required showing that the informer's identity must be disclosed. The mere *filing* of a Rule 508 motion is insufficient to obtain a hearing, much less compel disclosure.

*Bodin v. State*, 807 S.W.2d 313, 318 (Tex. Crim. App. 1991) (citations omitted).

In *Griffin*, officers had supervised three controlled drug purchases at a residence while using two confidential informants. 2011 WL 754349, at *1. Based on information learned during those purchases, the officers obtained a search warrant for the residence, and upon executing the warrant, the officers found Griffin, who had six rocks of cocaine in his pocket. *Id.* at *1. Griffin was not charged with conduct related to the controlled purchases but only with what officers found upon executing the warrant. *Id.* at *2. We affirmed the trial court's

7

denial of Griffin's motion to discover the identities of the informants, stating in part, "[E]ven if both CIs testified that appellant was not involved in the delivery or even possession of the drugs on the day of the controlled buys, that did not necessarily mean that he did not possess with the intent to deliver on the [date of the offense]." *Id.* at *3; *see also Parks v. State*, No. 02-04-00412-CR, 2006 WL 668717, at *2 (Tex. App.—Fort Worth Mar. 16, 2006, pet. ref'd) (mem. op., not designated for publication) (explaining that when the confidential informant's testimony is relevant only to the issue of establishing probable cause for a search warrant, and the informant can offer no testimony about the actual offense, then the informant's identity need not be revealed). Similarly to *Griffin* and *Parks*, other courts of appeals have held that a trial court does not err by denying a motion under rule 508(c)(2) when the illegal act that the informant witnessed is not the act with which the defendant is charged. *See Long v. State*, 137 S.W.3d 726, 733 (Tex. App.—Waco 2004, pet. ref'd); *Washington v. State*, 902 S.W.2d 649, 656–57 (Tex. App.—Houston [14th Dist.] 1995, pet. ref'd); *see also Johnson v. State*, No. 12-09-00094-CR, 2010 WL 1077419, at *2–3 (Tex. App.—Tyler Mar. 24, 2010, no pet.) (mem. op., not designated for publication) (holding similarly).

Under the rationale that is common to the cases cited in the paragraph above and under the facts disclosed to the trial court at the time of its ruling, we conclude that the trial court did not exceed the zone of reasonable disagreement by denying appellant's motion for disclosure of the confidential informant's

identity. While it is possible that the informant could have testified that appellant was not Nook, this testimony would likely not have significantly aided appellant because appellant's guilt for the two crimes at issue was not dependent upon his being Nook or upon his participation in any of the three drug purchases made by the informant. In other words, even if appellant and Nook are different people, Nook's selling drugs on three prior occasions did not preclude appellant's possession of cocaine with intent to distribute it in the same apartment on the date at issue. *See Gipson v. State*, No. 05-06-01031-CR, 2007 WL 1471264, at *5 (Tex. App.—Dallas May 22, 2007, pet. ref'd) (not designated for publication) ("Whether appellant possessed and sold drugs to the informant or others at other times or on different dates has no bearing upon whether he possessed cocaine with the intent to deliver at the time of the search.").

The informant's potential testimony about his drug buys from Nook and that appellant was not involved in those buys might have become more pertinent in light of appellant's trial testimony, offered months after the hearing on appellant's motion, that he went to the apartment on several occasions only to buy drugs from Nook and that on the night of appellant's arrest, Nook (along with Reginald) escaped the apartment just before the officers' raid on it.[5] But since

---

[5]The informant could not have resolved, however, the discrepancy between the officers' testimony that appellant was sitting near the drugs, gun, money, scales, and baggies at the time they rammed the door and appellant's testimony that he was not. The jury indicated its choice to resolve this discrepancy in the State's favor and to reject the rest of appellant's story by

9

appellant's testimony was not produced at the hearing on his motion to disclose the informant's identity, we cannot hold that the trial court abused its discretion in light of it. *See Smith v. State*, 781 S.W.2d 418, 421 (Tex. App.—Houston [1st Dist.] 1989, no pet.) (holding that a trial court did not err by denying a motion to reveal an informant's name when the defendant did not present evidence on the motion); *see also Rangel v. State*, 250 S.W.3d 96, 98 (Tex. Crim. App. 2008) ("We refuse to examine the propriety of a trial judge's ruling based on evidence that the trial judge had no opportunity to consider when he made his ruling."). In other words, we cannot fault the trial court for refusing to recognize how the disclosure of the informant's identity might have supported appellant's defensive theory when appellant had not revealed any particular aspects of that theory at the time the trial court ruled. Appellant did not reurge his motions to discover the confidential informant's identity when he testified later.

For these reasons, we hold that the trial court did not abuse its discretion by denying appellant's motions to discover the identity of the State's confidential informant. We overrule appellant's first issue.

## The Exclusion of Evidence

In his second issue, appellant asserts that the trial court erred by prohibiting him from eliciting testimony at trial that pertained to Nook's identity. We review a trial court's decision to exclude evidence under an abuse of

---

convicting him. *See Denman v. State*, 193 S.W.3d 129, 132 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd).

10

discretion standard. *Orona v. State*, 341 S.W.3d 452, 464 (Tex. App.—Fort Worth 2011, pet. ref'd). We must uphold the trial court's ruling if it is reasonably supported by the record and is correct under any theory of law applicable to the case. *James v. State*, 335 S.W.3d 719, 723 (Tex. App.—Fort Worth 2011, no pet.).

> During the trial, the State presented an oral motion in limine regarding
>
> the Defense eliciting any testimony from witnesses regarding conversations that officers may have had with the confidential informant, any content that's within the [search warrant] affidavit on the basis that it's going to be hearsay, and that the Defense not try to elicit testimony about specific things that were told to the officers by the confidential informant during his investigation that led up to getting the search warrant.

Appellant responded to the State's motion by arguing that he desired to demonstrate to the jury that he was not Nook, that he was not at the apartment when the confidential informant was there, and that he was somehow therefore less likely to have been delivering the drugs from the apartment on the date of his arrest. Although appellant contended that the State's motion would deny his ability to cross-examine and confront witnesses, the trial court granted the motion, stating, "Well, [appellant] is not charged with the offenses committed on any date other than the date that the search warrant was executed, and he was present in the apartment. Therefore, the dates and who was present and who was dealing dope on other dates is not relevant."

Later, appellant made a bill of exceptions by getting Officer Lopez to testify that appellant did not match parts of the confidential informant's description of

11

Nook but that Officer Lopez nonetheless believed that appellant was Nook. At the end of the bill, appellant's counsel said,

> [Officer Lopez] was searching at the apartment for a person named Nook and . . . he believes that there is no alias that connects my client to the name "Nook."
>
> I'd like to present those items to the jury. And I'd also reurge my motion to allow me to compare and contrast my client to the person that's named in the warrant before the jury.

The trial court persisted in its decision to disallow appellant to present evidence comparing Nook and appellant.[6]

"'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Tex. R. Evid. 401. In determining whether evidence is relevant, courts look to the purpose for offering the evidence and whether there is a direct or logical connection between the offered evidence and the proposition sought to be proved. *Pope v. State*, 161 S.W.3d 114, 123 (Tex. App.—Fort Worth 2004), *aff'd*, 207 S.W.3d 352 (Tex. Crim. App. 2006). "Evidence which is not relevant is inadmissible." Tex. R. Evid. 402.

The proposition that appellant sought to prove was that if he did not participate in the previous drug transactions, it was less likely that he possessed

---

[6]Again, appellant had not presented his particular defensive theory—that he went to the apartment only to buy drugs from Nook and that Nook escaped the apartment just before the police's raid—at the time that the trial court made this ruling.

12

the gun and cocaine that the police found in the apartment upon their search. As we explained above, however, the trial court could have reasonably determined that even if appellant and Nook are not the same person, it is not logically less probable that appellant possessed cocaine with intent to deliver it on the date of his arrest merely because someone else did so at the apartment on other occasions. *See Griffin*, 2011 WL 754349, at *3; *Gipson*, 2007 WL 1471264, at *5; *see also Edwards v. State*, 813 S.W.2d 572, 580 (Tex. App.—Dallas 1991, pet. ref'd) ("[T]he informant was not present at the time of execution of the warrant or of the arrest. . . . The informant's testimony would have been neither relevant nor helpful.").

Thus, we conclude that the trial court did not abuse its discretion by excluding evidence concerning Nook and the previous drug transactions at the apartment on the ground of relevance. Moreover, because we hold that the trial court did not abuse its discretion by excluding the evidence on the basis that it was not relevant to the issue of appellant's guilt, we also reject appellant's argument that the trial court's exclusion of the evidence violated appellant's due process rights. *See Potier v. State*, 68 S.W.3d 657, 666 (Tex. Crim. App. 2002) (explaining that exclusions of evidence are unconstitutional only if they significantly undermine fundamental elements of the accused's defense); *Arechiga v. State*, 462 S.W.2d 1, 2 (Tex. Crim. App. 1971) ("The Court, in excluding the inadmissible evidence, in no way violated . . . due process . . . ."). We overrule appellant's second issue.

13

**Conclusion**

Having overruled appellant's issues, we affirm the trial court's judgments.


                                        TERRIE LIVINGSTON
                                        CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; WALKER and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  January 26, 2012