02-11-047&048-CR













 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NOS. 02-11-00047-CR

02-11-00048-CR

 

 


 
 
 Sedrick Lamond Harris
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE 
 
 


 

 

----------

 

FROM THE
396th District Court OF Tarrant
COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

          In two issues, appellant Sedrick Lamond Harris appeals his
convictions for possessing cocaine while intending to deliver it and for
unlawful possession of a firearm.  We
affirm.

Background
Facts

The State’s version of the
facts

          In early 2010, Fort Worth police
officer Derrick Lopez received information about narcotics activities occurring
in an apartment on Sparrow Wood Lane.  On February
15, 2010, he obtained a no-knock warrant for the apartment.  The next day, officers executed the
warrant.  While a perimeter team ensured
that no one fled from the second floor apartment, one officer used a ram in an
attempt to open the apartment’s door, but the ram instead created a hole in the
middle of the door.  Officer J.C.
Williams looked through the hole and saw appellant sitting near a table.  When the officers entered the apartment,
appellant, who had been alone in the apartment, ran to a bedroom.  Near where appellant had been sitting, officers
found a loaded black pistol, several sandwich bags, about eighteen combined grams
of crack and powdered cocaine, three scales, a cell phone, and $674.  The officers secured the evidence and arrested
appellant, who did not have any evidence on his person.

          At appellant’s jury trial, Officer
Lopez opined that appellant had possessed the cocaine with intent to deliver it
because of the amount of narcotics found, the evidence that the police had “gathered
to have the warrant issued,” the amount of money found, and the presence of
scales.  Officer Lopez testified that the
police did not take fingerprints from the items that they found.  He also said that he did not determine who had
been renting the apartment.

Appellant’s version of the
facts

          Elaine Barron, with whom appellant has
had two children, testified that on the date of appellant’s arrest, she took
him to the apartment so that he could buy drugs from “one of his homeboys.”  Barron said that appellant did not live at the
apartment.[2]  Appellant testified that when he arrived at
the apartment while possessing $35 to buy drugs, two men, “Nook” (whose real
name is Adrian Jones) and Reginald, were in the house, but no drugs, money, or
guns were visible.  Appellant said that
he was using the restroom when he heard someone say “come on,” “get out,” or
“let’s go.”  By the time appellant
finished using the restroom, he heard a “boom” and “freezed
[sic] in the back room”; thus, appellant denied that he ever sat near the table
where the police found the items described above.  According to appellant, after the police arrested
him, he learned that Nook and Reginald had jumped off a balcony and had run to another
residence.

Procedural history

          A grand jury indicted appellant for
unlawfully possessing a firearm[3] and for
possessing four or more but less than two hundred grams of cocaine with intent
to deliver it.[4]  The indictments contained repeat offender
notices concerning appellant’s prior aggravated assault conviction.  Appellant pled not guilty to both charges,
but the jury convicted him of them.  After
receiving evidence concerning appellant’s punishments and finding the
indictments’ enhancement allegations to be true, the jury assessed twenty-five
years’ confinement for possessing while intending to deliver the cocaine and
twenty years’ confinement for unlawfully possessing the firearm.  The trial court sentenced appellant
accordingly, and it ordered the sentences to run concurrently.  Appellant brought these appeals.

The Identity of the State’s Confidential
Informant

          In his first issue, appellant contends
that the trial court erred by denying his motions to discover the identity of
the State’s confidential informant.  In
those written motions, appellant contended,

          The
informant is a material witness in the above entitled and numbered causes in
that information supplied to law enforcement by the informant formed the basis
for a search warrant . . . .  The informant
was present during the alleged purchase of crack cocaine from the defendant on
three separate occasions.  No other
witnesses were present[,] and without learning of the
identity of the informant and questioning him as to the alleged transactions,
the right of the defendant to confront and cross-examine the only material
witness is prevented.  Further, without
knowing the identity of the informant, the defense will not be able to test the
assertions of law enforcement that this informant has been reliable in the
past.

A
few months before the trial began, the trial court held a hearing on the
motions.  Officer Lopez was the only
witness at the hearing, and he testified to the following facts:

·       
the
police department had received complaints about drug dealing in a Fort Worth
apartment complex;

 

·       
a
confidential informant bought drugs at an apartment in the complex on January
27, 2010, February 8, 2010, and February 13, 2010 from someone named “Nook,”
although the informant reported to Officer Lopez that “multiple people were in
there” on one occasion;

 

·       
Officer
Lopez used information from the informant, whom Officer Lopez had worked with
on many occasions, to obtain a search warrant for the apartment, but the
informant was not involved in the execution of the warrant;

 

·       
upon
execution of the warrant inside the apartment, the police found drugs, a gun,
and appellant, who was the only person in the apartment and who was “literally sitting
on the couch next to the seized evidence when officers made entry”; and

 

·       
Officer
Lopez believed that appellant was “Nook,” but Officer Lopez’s decision to
arrest appellant was based solely on the evidence that the police obtained
during the execution of the search warrant.

          After Officer Lopez’s testimony ended,
appellant’s counsel argued that the informant’s identity should be disclosed
because appellant wanted

to call the
confidential informant to testify that on the three occasions he went to the
apartment the person named Nook was present, and we’re pretty confident that
Mr. Harris is not Nook and we are confident we’re going to be able to prove
that.

          So the
issue is if Mr. Harris was present during the time of the arrest, he may have
been there for other reasons other than what’s alleged in the indictment.  And that on the three occasions that the
confidential informant was there, or saw Nook, Mr. Harris was not there.  And I think as this develops, it’s going to
be evident that we’re going to [need] the confidential informant [to] come
testify as to whether or not this person is Nook.

The
trial court denied appellant’s motion to discover the confidential informant’s
identity.

          On appeal, appellant argues that since
he testified at trial that he went to the apartment to only buy drugs, any
evidence showing that he was not the person “who operated a drug-selling
business out of this particular location would support his defense.”  He contends that appellant and Nook being the
same person was a key component of the State’s theory of the case, and he
asserts that the confidential informant could have clarified whether appellant
is Nook.

          A rule of evidence provides that the
State “has a privilege to refuse to disclose the identity of a person who has
furnished information relating to or assisting in an investigation of a
possible violation of a law to a law enforcement officer . . . conducting an
investigation.”  Tex. R. Evid. 508(a).  But the same rule creates an exception to the
State’s privilege if “it appears from the evidence in the case or from other
showing by a party that an informer may be able to give testimony necessary to
a fair determination of a material issue . . . on guilt or innocence in a
criminal case.”  Tex. R. Evid. 508(c)(2).  We review a trial court’s ruling on a rule
508 motion for an abuse of discretion.  See Taylor v. State, 604 S.W.2d 175, 179
(Tex. Crim. App. [Panel Op.] 1980); Ford
v. State, 179 S.W.3d 203, 210 (Tex. App.—Houston [14th Dist.] 2005, pet.
ref’d), cert. denied, 549 U.S. 922
(2006); see also Griffin v. State, No.
02-09-00399-CR, 2011 WL 754349, at *3 (Tex. App.—Fort Worth Mar. 3, 2011, pet.
ref’d) (mem. op., not designated for publication).  “Under that standard, a trial court’s
decision is disturbed on appeal only when it falls outside the zone of
reasonable disagreement.”  Ford, 179 S.W.3d at
210.

          For the exception to the State’s
privilege that rule 508(c)(2) creates to apply, 

[t]he informer’s potential testimony must significantly
aid the defendant and mere conjecture or supposition about possible relevancy
is insufficient. 

          The
defendant has the threshold burden of demonstrating that identity must be
disclosed.  Since the defendant may not
actually know the nature of the informer’s testimony, however, he or she should
only be required to make a plausible showing of how the informer’s information
may be important.

          Evidence
from any source, but not mere conjecture or speculation, must be presented to
make the required showing that the informer’s identity must be disclosed.  The mere filing
of a Rule 508 motion is insufficient to obtain a hearing, much less compel
disclosure.

Bodin v. State,
807 S.W.2d 313, 318 (Tex. Crim. App. 1991) (citations omitted).

          In Griffin,
officers had supervised three controlled drug purchases at a residence while
using two confidential informants.  2011 WL 754349, at *1. 
Based on information learned during those purchases, the officers
obtained a search warrant for the residence, and upon executing the warrant,
the officers found Griffin, who had six rocks of cocaine in his pocket.  Id. at *1.  Griffin
was not charged with conduct related to the controlled purchases but only with
what officers found upon executing the warrant. 
Id. at *2.  We affirmed the trial court’s denial of Griffin’s
motion to discover the identities of the informants, stating in part, “[E]ven if both CIs testified that appellant was not involved
in the delivery or even possession of the drugs on the day of the controlled
buys, that did not necessarily mean that he did not possess with the intent to
deliver on the [date of the offense].”  Id. at *3; see also Parks v. State, No. 02-04-00412-CR, 2006 WL 668717, at *2
(Tex. App.—Fort Worth Mar. 16, 2006, pet. ref’d) (mem.
op., not designated for publication) (explaining that when the confidential
informant’s testimony is relevant only to the issue of establishing probable
cause for a search warrant, and the informant can offer no testimony about the
actual offense, then the informant’s identity need not be revealed).  Similarly to Griffin and Parks, other
courts of appeals have held that a trial court does not err by denying a motion
under rule 508(c)(2) when the illegal act that the
informant witnessed is not the act with which the defendant is charged.  See
Long v. State, 137 S.W.3d 726, 733 (Tex. App.—Waco 2004, pet. ref’d); Washington v. State, 902 S.W.2d 649, 656–57
(Tex. App.—Houston [14th Dist.] 1995, pet. ref’d); see also Johnson v. State,
No. 12-09-00094-CR, 2010 WL 1077419, at *2–3 (Tex. App.—Tyler Mar. 24, 2010, no
pet.) (mem. op., not
designated for publication) (holding
similarly).

          Under the rationale that is common to
the cases cited in the paragraph above and under the facts disclosed to the
trial court at the time of its ruling, we conclude that the trial court did not
exceed the zone of reasonable disagreement by denying appellant’s motion for
disclosure of the confidential informant’s identity.  While it is possible that the informant could
have testified that appellant was not Nook, this testimony would likely not
have significantly aided appellant because appellant’s guilt for the two crimes
at issue was not dependent upon his being Nook or upon his participation in any
of the three drug purchases made by the informant.  In other words, even if appellant and Nook
are different people, Nook’s selling drugs on three prior occasions did not
preclude appellant’s possession of cocaine with intent to distribute it in the
same apartment on the date at issue.  See Gipson v. State, No. 05-06-01031-CR,
2007 WL 1471264, at *5 (Tex. App.—Dallas May 22, 2007, pet. ref’d) (not
designated for publication) (“Whether appellant possessed and sold drugs to the
informant or others at other times or on different dates has no bearing upon
whether he possessed cocaine with the intent to deliver at the time of the
search.”).

          The informant’s potential testimony about
his drug buys from Nook and that appellant was not involved in those buys might
have become more pertinent in light of appellant’s trial testimony, offered
months after the hearing on appellant’s motion, that he went to the apartment on
several occasions only to buy drugs from Nook and that on the night of
appellant’s arrest, Nook (along with Reginald) escaped the apartment just
before the officers’ raid on it.[5]  But since appellant’s testimony was not
produced at the hearing on his motion to disclose the informant’s identity, we
cannot hold that the trial court abused its discretion in light of it.  See Smith
v. State, 781 S.W.2d 418, 421 (Tex. App.—Houston [1st Dist.] 1989, no pet.) (holding that a trial court did not err by denying a
motion to reveal an informant’s name when the defendant did not present
evidence on the motion); see also Rangel
v. State, 250 S.W.3d 96, 98 (Tex. Crim. App. 2008) (“We refuse to examine
the propriety of a trial judge’s ruling based on evidence that the trial judge
had no opportunity to consider when he made his ruling.”).  In other words, we cannot fault the trial
court for refusing to recognize how the disclosure of the informant’s identity
might have supported appellant’s defensive theory when appellant had not
revealed any particular aspects of that theory at the time the trial court
ruled.  Appellant did not reurge his motions to discover the confidential informant’s
identity when he testified later.

          For these reasons, we hold that the
trial court did not abuse its discretion by denying appellant’s motions to
discover the identity of the State’s confidential informant.  We overrule appellant’s first issue.

The Exclusion of Evidence

          In his second issue, appellant asserts
that the trial court erred by prohibiting him from eliciting testimony at trial
that pertained to Nook’s identity.  We review
a trial court’s decision to exclude evidence under an abuse of discretion
standard.  Orona v. State, 341 S.W.3d
452, 464 (Tex. App.—Fort Worth 2011, pet. ref’d).  We must uphold the trial court’s ruling if it
is reasonably supported by the record and is correct under any theory of law
applicable to the case.  James v. State, 335
S.W.3d 719, 723 (Tex. App.—Fort Worth 2011, no pet.).

          During the trial, the State presented
an oral motion in limine regarding 

the Defense eliciting any testimony from witnesses
regarding conversations that officers may have had with the confidential
informant, any content that’s within the [search warrant] affidavit on the
basis that it’s going to be hearsay, and that the Defense not try to elicit
testimony about specific things that were told to the officers by the
confidential informant during his investigation that led up to getting the
search warrant.

Appellant
responded to the State’s motion by arguing that he desired to demonstrate to
the jury that he was not Nook, that he was not at the
apartment when the confidential informant was there, and that he was somehow therefore
less likely to have been delivering the drugs from the apartment on the date of
his arrest.  Although appellant contended
that the State’s motion would deny his ability to cross-examine and confront
witnesses, the trial court granted the motion, stating, “Well, [appellant] is
not charged with the offenses committed on any date other than the date that
the search warrant was executed, and he was present in the apartment.  Therefore, the dates and who was present and
who was dealing dope on other dates is not relevant.”

          Later, appellant made a bill of
exceptions by getting Officer Lopez to testify that appellant did not match parts
of the confidential informant’s description of Nook but that Officer Lopez
nonetheless believed that appellant was Nook. 
At the end of the bill, appellant’s counsel said,

[Officer Lopez] was searching at the apartment for a
person named Nook and . . . he believes that there is no alias that connects my
client to the name “Nook.”

          I’d like
to present those items to the jury.  And
I’d also reurge my motion to allow me to compare and
contrast my client to the person that’s named in the warrant before the jury.

The
trial court persisted in its decision to disallow appellant to present evidence
comparing Nook and appellant.[6]

          “‘Relevant evidence’ means evidence
having any tendency to make the existence of any fact that is of consequence to
the determination of the action more probable or less probable than it would be
without the evidence.”  Tex. R. Evid. 401.  In determining whether evidence is relevant,
courts look to the purpose for offering the evidence and whether there is a
direct or logical connection between the offered evidence and the proposition
sought to be proved.  Pope v. State, 161 S.W.3d 114, 123 (Tex.
App.—Fort Worth 2004), aff’d,
207 S.W.3d 352 (Tex. Crim. App. 2006).  “Evidence
which is not relevant is inadmissible.” 
Tex. R. Evid. 402.

          The proposition that appellant sought
to prove was that if he did not participate in the previous drug transactions, it
was less likely that he possessed the gun and cocaine that the police found in
the apartment upon their search.  As we explained
above, however, the trial court could have reasonably determined that even if
appellant and Nook are not the same person, it is not logically less probable
that appellant possessed cocaine with intent to deliver it on the date of his
arrest merely because someone else did so at the apartment on other occasions.  See Griffin, 2011 WL 754349, at *3; Gipson, 2007 WL 1471264, at *5; see also Edwards v. State, 813 S.W.2d
572, 580 (Tex. App.—Dallas 1991, pet. ref’d) (“[T]he informant was not present
at the time of execution of the warrant or of the arrest. . . .  The informant’s testimony would have been
neither relevant nor helpful.”).

          Thus, we conclude that the trial court
did not abuse its discretion by excluding evidence concerning Nook and the
previous drug transactions at the apartment on the ground of relevance.  Moreover, because we hold that the trial
court did not abuse its discretion by excluding the evidence on the basis that
it was not relevant to the issue of appellant’s guilt, we also reject
appellant’s argument that the trial court’s exclusion of the evidence violated
appellant’s due process rights.  See Potier v.
State, 68 S.W.3d 657, 666 (Tex. Crim. App. 2002) (explaining that
exclusions of evidence are unconstitutional only if they significantly
undermine fundamental elements of the accused’s defense); Arechiga v. State, 462 S.W.2d 1, 2 (Tex. Crim. App. 1971) (“The Court, in
excluding the inadmissible evidence, in no way violated . . . due process . . .
.”).  We overrule appellant’s second
issue.

Conclusion

          Having overruled appellant’s issues,
we affirm the trial court’s judgments.

 

 

 

TERRIE LIVINGSTON
CHIEF JUSTICE

 

PANEL:
 LIVINGSTON, C.J.;
WALKER and MCCOY, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  January 26, 2012








 











[1]See Tex. R. App. P. 47.4.





[2]Appellant had asserted in a pretrial motion to suppress evidence
(which the trial court denied) that the officers’ search was of his home.





[3]See Tex. Penal Code Ann. § 46.04(a)(1) (West 2011).  Appellant’s indictment for unlawful
possession of a firearm alleged that he possessed the gun within five years of
being released from confinement for a conviction of possessing heroin.





[4]See Tex. Health & Safety Code Ann. §§ 481.102(3)(D), .112(d) (West 2010).





[5]The informant could not have resolved, however, the discrepancy
between the officers’ testimony that appellant was sitting near the drugs, gun,
money, scales, and baggies at the time they rammed the door and appellant’s
testimony that he was not.  The jury
indicated its choice to resolve this discrepancy in the State’s favor and to
reject the rest of appellant’s story by convicting him.  See
Denman v. State, 193 S.W.3d 129, 132 (Tex. App.—Houston [1st Dist.] 2006,
pet. ref’d).





[6]Again, appellant had not presented his particular defensive
theory—that he went to the apartment only to buy drugs from Nook and that Nook
escaped the apartment just before the police’s raid—at the time that the trial
court made this ruling.